**Dated: October 18, 2012**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

RICKY F. BURROUGHS,                          Case No. 12-80173-TRC
AMBER BURROUGHS,                            Chapter 13

        Debtors.

**ORDER ON STANDING CHAPTER 13 TRUSTEE'S MOTION TO DISGORGE**

The Trustee's Motion to Disgorge Attorney's Fee (Docket Entry 60), Response filed by Debtors (Docket Entry 62), and Trustee's Reply (Docket Entry 65) comes on for consideration before this Court. After review, the Court finds that the Motion should be granted in part and denied in part for the reasons set forth below.

**I.**     **Background**

The parties do not dispute the facts. This case was filed in the Bankruptcy Court for the Western District of Oklahoma on November 28, 2011. Debtors live in Stilwell, Adair County, Oklahoma, which is in the Eastern District of Oklahoma. The Disclosure of Compensation of

Attorney, filed by Debtors' counsel J. R. Matthews pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), reflects that Mr. Matthews charged $3,500 for his services and collected $3,088 pre-petition. The Standing Chapter 13 Trustee for the Western District of Oklahoma filed a motion to dismiss this case based upon improper venue and failure to make plan payment. Debtors responded by filing a motion to transfer their case to the Eastern District. An order of transfer was entered January 31, 2012, and the case was transferred to the Eastern District on February 15, 2012. A meeting of creditors was held on March 15, 2012. The Standing Chapter 13 Trustee for the Eastern District of Oklahoma requested certain documents from Debtors and Mr. Matthews, as well as amended schedules and an amended Statement of Financial Affairs. The meeting of creditors was continued to April 12, 2012, to allow time for the documents to be provided. Instead, Debtors filed a motion to dismiss their bankruptcy on April 3, 2012. This Court entered its order of dismissal on April 9, 2012.

Trustee contacted Debtors' counsel and questioned the $3,088 prepetition payment. Unsatisfied with the response or lack thereof, Trustee filed the Motion to Disgorge all attorney fees, arguing that the fees paid by Debtors exceeded the reasonable value of the services provided. Mr. Matthews objected, arguing lack of jurisdiction because the case had been properly dismissed. Both parties submitted briefs to this Court. The U.S. Trustee also filed a brief in support of the Motion to Disgorge.

Trustee sought to take 2004 exams of Debtors to discuss the conditions and circumstances that led to Debtors' decision to file bankruptcy and their decision to voluntarily dismiss their case. Debtors' attorney moved to quash the subpoenas. This Court held a hearing on the Motions to Quash on September 13, 2012. At that time, this Court heard arguments regarding this Court's

jurisdiction to take any action, including investigate and review attorney fees in this dismissed case. The Court requested Mr. Matthews to submit detailed time records to the Court for review, and Mr. Matthews agreed to do so. Those time records were filed with this Court on September 24, 2012, and were styled as "Debtors' Response to the Court's Request fo Additional Disclosure" (Docket Entry 102). This disclosure refers to an attached Affidavit of James R. Matthews, Esq., which includes time records entitled "Work in Progress." No affidavit is attached, but the time records are attached. These records reflect total hours worked by Mr. Matthews and his legal assistant of 131.75, with charges totaling $27,613.30, including expenses. Mr. Matthews stated that the submission of the time records was made "In the spirit of cooperation, for settlement purposes only." Trustee filed a brief in support of disgorgement, and argued that the time records were inadmissible because of the conditions imposed by Mr. Matthews. The Court took the Motions to Quash under advisement, and continued to November an evidentiary hearing on the Motion to Disgorge.

The Court has before it all pleadings, correspondence, and attorney time records for this case. Mr. Matthews' time records have been provided to Trustee and the U.S. Trustee with an opportunity for their review. Because the legal issues regarding jurisdiction are essentially the same regarding all pending motions, and because the time records have been submitted, the Court has determined that it should issue its decision herein.

**II.**     **Analysis**

A.     Jurisdiction of Court in Dismissed Case.

Debtors argue that because their case was voluntarily dismissed, neither Trustee nor this Court has any jurisdiction to review attorney fees and order disgorgement. They cite 11 U.S.C. § 349(b)(3) that a dismissal revests property of the estate in its prepetition owner. Thus, they argue,

since there is no bankruptcy estate to administer, Trustee has no authority to request disgorgement, and this Court has no jurisdiction to review attorney fees. Debtors also argue that the Court did not retain jurisdiction in its order of dismissal. Debtors, however, ignore other provisions of the Bankruptcy Code and case law that holds this Court does have jurisdiction to entertain and determine the issues raised by Trustee.

Bankruptcy courts retain jurisdiction to adjudicate certain claims and collateral issues, notwithstanding dismissal or closing of the underlying bankruptcy case. *In re 5900 Associates, Inc.*, 468 F.3d 326 (6th Cir. 2006); *In re Brown*, 371 B.R. 486 (Bankr. N.D. Okla. 2007); *In re Marin,* 256 B.R. 503, 507 (Bankr. D. Colo. 2000). The Court has an independent duty to review and evaluate attorney compensation disclosures and requests, regardless of dismissal. *See 5900 Associates,* 468 F.3d at 330-331; *Brown*, 371 B.R. at 494. Attorneys are required to report fees pursuant to 11 U.S.C. § 329, and courts may review those fees to determine whether they are reasonable pursuant to § 329(b). Bankruptcy Rule 2017(a) provides that a court may examine whether payments made to an attorney before a bankruptcy is filed are excessive. Thus, reporting of time spent, and amounts charged and paid is required for the Court to be able to assess reasonableness. It is within this Court's power and jurisdiction to order disgorgement if it deems fees to be excessive or unreasonable. *Marin,* 256 B.R at 507; *see also Matter of Lowe*, 97 B.R. 547, 548 n. 4 (Bankr.W.D.Mo.1987) ("Attorney's fees awards, by reason of the attorneys' being officers of the court and subject to the court's disciplinary powers, continue to be in *custodia legis* even after the termination of a case in which they have been awarded or collected.").

The time sheets submitted to this Court by Mr. Matthews were requested by this Court. Whether on motion of Trustee as an interested party, or in accordance with this Court's duty to

review attorney compensation, this Court may request and review attorney time records - regardless of Mr. Matthews' attempts to limit this Court's review. The Court therefore agrees with Trustee and determines that it has jurisdiction to consider post-dismissal matters that relate to Trustee's Motion to Disgorge, including the review of Mr. Matthews' time records and compensation.

B.      Review of Attorney Fees

Having reviewed the time records provided by Mr. Matthews, and considering the entire circumstances in this case, this Court finds that the total fee paid is reasonable. The Court has reviewed the amounts charged and paid prepetition and has also reviewed the time spent on this case postpetition. The Court concludes that, although the total paid is reasonable, reductions should be made for certain time entries that appear unreasonable and excessive. The Court has reduced time and fees allowed for the following entries:

| **Date** | **Personnel** | **Court's Description** | **Time Disallowed** | **Fee Disallowed** |
|---|---|---|---|---|
| 11/28/2011 | AM | Draft skeleton petition | 1.75 | $ 218.75 |
| 12/13/2011 | AM | Draft balance of pleadings | 2.50 | 312.50 |
| 07/07/2012 | JRM | Cont'd research/begin draft | 3.50 | 875.00 |
| 07/08/2012 | JRM | Cont'd drafting | 2.50 | 625.00 |
| 07/09/2012 | JRM | More research/drafting | 3.00 | 750.00 |
| 07/26/2012 | JRM | Reviewed pleadings/research | 1.75 | 437.50 |
| 07/30/2012 | JRM | 2004 motion objection | 2.00 | 500.00 |
| 08/20/2012 | JRM | Review emails | 1.25 | 312.50 |
| 08/22/2012 | JRM | Research re: standing/emails | 1.50 | 375.00 |
| 08/23/2012 | JRM | Review subpoenas, etc. | 3.00 | 750.00 |

The Court also notes that the issue of venue of the bankruptcy case could have been avoided had a proper investigation been conducted to verify Debtors' residence and the correct judicial district for filing. Therefore, any time spent by Mr. Matthews or his legal assistant related to the issue of venue should not be compensated. The following entries are therefore disallowed:

| Date | Personnel | Court's Description | Time Disallowed | Fee Disallowed |
|---|---|---|---|---|
| 01/23/2012 | JRM | Review Motion to Dismiss | 1.25 | $ 312.50 |
| 01/28/2012 | JRM | Dictate Motion to Transfer | .50 | 125.00 |
| 01/29/2012 | AM | Draft/file Motion to Transfer | 1.25 | 156.25 |

Although the Court has disallowed $5,750 in fees charged, the remainder of the time spent and fees charged exceeds the amount of fees already paid. Therefore, the Court does not believe disgorgement is appropriate. Mr. Matthews spent considerable time on a variety of matters for these clients. Accordingly, the fee of $3088 paid to Mr. Matthews prepetition is approved.

IT IS THEREFORE ORDERED THAT the Trustee's Motion to Disgorge is **granted in part,** as this Court does have jurisdiction to consider matters regarding attorney fees.

IT IS FURTHER ORDERED THAT the Trustee's Motion to Disgorge is **denied in part**, as attorney fees of $3,088 paid to Mr. Matthews are approved.

IT IS FURTHER ORDERED THAT all other pending matters are **moot**. The evidentiary hearing set for November 13, 2012 is hereby stricken.

###

Case 12-80173   Doc 108   Filed 10/18/12   Entered 10/18/12 14:53:21   Desc Main
Document - Motion to Disgorge Fee    Page 6 of 6